KLIEBERT, Judge.
This is an appeal by the State of Louisiana, through the Department of Health and Human Resources (DHHR) from a judgment of the Juvenile Court of the Parish of Jefferson dismissing, on the parents’ motion to dismiss, the DHHR’s petition for abandonment, filed pursuant to La.R.S. 9:403 et seq., because the child was then in the custody of the DHHR by virtue of a court order. In granting the motion to *635 dismiss, the trial judge concluded the proper procedural vehicle for termination of parental rights is an action brought pursuant to the provisions of LSA-R.S. 13:1600, et seq. For the reasons which follow, we reverse and remand.
The child was originally placed in the custody of DHHR by the court pursuant to a court order after the child was treated at Charity Hospital for a broken leg. The mother admitted knowledge of the injury for five days, but neglected to obtain medical treatment for the child. Pursuant to LSA-R.S. 13:1570, the district attorney filed a petition alleging the child to be a neglected child. After a hearing the court declared the child neglected and placed the child in custody of DHHR.
On November 15, 1983 DHHR filed an affidavit of abandonment pursuant to LSA-R.S. 9:405, et seq., seeking to have the child declared abandoned and thus terminate the parental rights. The petition alleged that Ms. Hodges had not visited her child since December of 1981 nor had she cooperated with DHHR in therapy nor had Mr. Hodges visited the child since 1977. Additionally, according to the petition, neither parent had contributed to the support of the child or inquired into the child’s status since December of 1981.
At a hearing on a motion to dismiss, the parents, through counsel, maintained that the abandonment petition should be dismissed because a child cannot be considered abandoned by the parents if physically separated from the parents by a court order. The trial court agreed and dismissed the abandonment action. On appeal, DHHR contends the fact the child had been placed in the custody of the DHHR does not bar an abandonment action filed pursuant to LSA-R.S. 9:403. The trial court obviously concluded that “abandonment” within the meaning of LSA-R.S. 9:403 required an act of voluntary surrender by the parents.
LSA-R.S. 9:403A(1) does not define abandonment, however, it sets out the facts which must be proven by clear and convincing evidence for the court to consider a child abandoned as follows:
(1)(a) the child has been deserted for a period of at least four months by his parent or parents, the whereabouts of his parent or parents are unknown, the parent or parents have made no provision for the child’s care and support and have shown an intention to avoid parental responsibility; or
(b) the parent or parents have failed to provide for the care and support of the child for a period of at least four months under circumstances showing an intention to permanently avoid parental responsibility.
Thus, in determining whether there has been an abandonment within the meaning of the statute the facts must show an intention to permanently avoid parental responsibility. Therefore, once the facts are proven the essential inquiry is the intent of the parents. The statute provides the following standard to be followed in making the inquiry:
(2) The introduction of clear and convincing evidence which establishes the facts required by Subparagraphs (l)(a) or (l)(b) of this Subsection shall create a presumption that the parent or parents intended to permanently avoid parental responsibilities. The child shall be declared abandoned unless the parent or parents present evidence that rebuts the presumption. A parent adjudged to have abandoned his child under Subpara-graphs (l)(a) or (l)(b) shall thereafter have no right to object to or oppose any proceeding to adopt that child.
This Part shall not be construed to require physical care of a child by a parent or parents to whom custody has been denied or from whom custody has been removed by a court of competent jurisdiction.
Under this standard, intent to abandon cannot be shown by the failure of the parent or parents who have been denied custody or from whom custody has been removed by a court of competent jurisdiction to provide physical care of the child.
*636 Undoubtedly the restriction imposed by this provision imposes a severe burden of proof on the state; however, we cannot conclude, as contended by the parents and held by the trial court, that LSA-R.S. 13:1600, et seq. is the exclusive procedural vehicle available to the state to terminate parental rights.
In a somewhat analogous situation this Court, in State in Interest of Canady, 430 So.2d 265 (5th Cir.1983) which involved a temporary voluntary surrender of children to the state, said:
“.... The State argues the judgment of the trial court effectively provides that when a parent temporarily places a child with the Department of Health and Human Resources no abandonment proceedings can ever be instituted against them regardless of the circumstances. However, this is not the case. If it became evident the parents did indeed intend to permanently avoid parental responsibilities, then abandonment proceedings could be brought .... ”
Likewise here, if at a hearing, and notwithstanding the evidentiary restriction of LSA-R.S. 9:403A(2), if other clear and convincing evidence is introduced which does indeed meet the requirements of the statute and shows the parents did indeed intend to permanently avoid parental responsibilities, then the court can declare a parental abandonment notwithstanding the prior removal of custody from the parents.
Accordingly, the judgment of the trial court dismissing the state’s petition for abandonment is reversed and set aside and the case remanded to the trial court to proceed in accordance with the views here expressed. Each party to bear his own cost.
REVERSED AND REMANDED.